IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANCISCO E. LOPEZ NEGRON
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 16-3003CCC
(Related Cr. 10-0251-15CCC)

**OPINION AND ORDER**

Before the Court is petitioner Francisco E. López Negrón's Motion to Vacate, Correct, or Set Aside Sentence Under 18 U.S.C. § 2255 (**d.e. 1**) filed November 21, 2016; the United States' Response in Opposition (d.e. 3) filed April 20, 2017; and petitioner's Reply (d.e. 4) filed May 2, 2017.

Timeliness

A 28 U.S.C. § 2255(f) motion must be filed within one year of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner alleges that Amendment 794 to the United States Sentencing Guidelines, which changed the application notes for minor role adjustments,

is a newly recognized right under 28 U.S.C. § 2255(f)(3).  Therefore, petitioner alleges that the statute of limitations began to run on November 1, 2015, when Amendment 794 came into effect.  However, Amendment 794 was passed by the United States Sentencing Commission, not the Supreme Court, and it merely clarifies the application of a pre-existing guideline rather than creating a new right. United States v. Sarmiento-Palacios, 885 F.3d 1, 4 (1st Cir. 2018). Accordingly, the one-year statute of limitations began to run when petitioner's sentence became final, on December 29, 2011.  As petitioner filed his § 2255 motion almost five years later, it must be denied as untimely.

### Amendment 794 Claim

Even if the petition were timely, petitioner would not be entitled to a sentence reduction pursuant to Amendment 794.  Under 18 U.S.C. § 2255(a), a petitioner may move for relief on a claim that is not constitutional or jurisdictional in nature "only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' . . .  The error must 'present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (internal citations omitted).  The First Circuit has held that misapplication of the sentencing guidelines, without exceptional circumstances, does not rise to the level of miscarriage of justice.  Knight, 37 F.3d at 773-774.

As petitioner Francisco E. López Negrón alleges that the Court improperly failed to apply a minor role reduction without making a showing of

exceptional circumstances, his Amendment 794 claim is not cognizable and must be denied.

Even if the Court considers defendant's motion a request for a sentence reduction under 18 U.S.C. § 3582(c)(2) rather than a § 2255 motion, it must still fail. Sentence reduction is only available for amendments that are listed at U.S.S.G. § 1B1.10(c); Amendment 794 is not listed. See id. § 1B1.10(a) ("If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . is not authorized."); United States v. Lopez-Pineda, 55 F.3d 693, 697 n. 3 (1st Cir. 1995) (guideline amendment not listed in U.S.S.G. § 1B1.10(c) may not be applied retroactively).

### Ineffective Assistance of Counsel Claim

Petitioner claims that his counsel provided ineffective assistance because he did not appeal the sentencing court's failure to apply a minor role adjustment. Even if his motion were timely, this claim would not succeed. To prevail on an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), a "(1) petitioner must show that counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996). In the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The failure of petitioner's counsel to appeal did not fall below an objective standard of reasonableness because he was explicitly barred from appealing by the petitioner's plea agreement. The agreement contains a waiver of the right to appeal should petitioner be sentenced in accordance with the plea agreement, which he was. Petitioner does not challenge this waiver. In addition, the plea agreement prevented petitioner's counsel from requesting any further adjustment or departure at sentencing. As the ineffective assistance of counsel claim fails the Strickland test, it must be denied.

### Conclusion

For the foregoing reasons, petitioner Francisco E. López Negrón's Motion to Vacate, Correct, or Set Aside Sentence Under 18 U.S.C. § 2255 (**d.e. 1**) is DENIED. Judgment shall enter by separate order.

### CERTIFICATE OF APPEALABILITY

The Court hereby ORDERS that no certificate of appealability shall be issued as petitioner failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

SO ORDERED.

In San Juan, Puerto Rico this 26th day of February, 2020.

S/GUSTAVO A. GELPÍ
Chief United States District Judge